NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000580
27-APR-2018
08:24 AM

NO. CAAP-17-0000580

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
DANE KAHAU, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
EWA DIVISION
(CASE NO. 1DTC-17-001274)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Dane Kahau (**Kahau**) appeals from the July 19, 2017 Notice of Entry of Judgment and/or Order and Plea/Judgment (**Judgment**) entered by the District Court of the First Circuit, Ewa Division (**District Court**).[1]  Kahau was convicted of Driving Without a License in violation of Hawaii Revised Statutes (**HRS**) § 286-102 (Supp. 2017).[2]

---

[1]     The Honorable Blake T. Okimoto presided.

[2]     HRS § 286-102 states, in relevant part:

> **§ 286-102 Licensing.**  (a) No person, except one:
> . . . .
> (2)     Who holds an instruction permit under section 286-110;
> (3)     Who holds a limited purpose driver's license, limited purpose provisional driver's license, or
> (continued...)

Kahau raises two points of error on appeal, arguing that: (1) the District Court failed to ensure that his waiver of counsel was proper; and (2) there was insufficient evidence at trial to support his conviction with respect to whether the road on which he was driving was a "public road."

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve Kahau's points of error as follows:

(1) Kahau argues that his waiver of counsel was defective. Plaintiff-Appellee the State of Hawai'i (State) concedes Kahau's point. Notwithstanding the State's concession, "appellate courts have an independent duty 'first to ascertain that the confession of error is supported by the record and well-founded in law and second to determine that such error is

_____

[2](...continued)
> limited purpose instruction permit under section 286-104.5;
> (4) Who holds a provisional license under section 286-102.6;
>
> . . . .
>
> shall operate any category of motor vehicles listed in this section without first being appropriately examined and duly licensed as a qualified driver of that category of motor vehicles.
> (b) A person operating the following category or combination of categories of motor vehicles shall be examined as provided in section 286-108 and duly licensed by the examiner of drivers:
> (1) Mopeds;
> (2) Motorcycles and motor scooters;
> (3) Passenger cars of any gross vehicle weight rating, buses designed to transport fifteen or fewer occupants, and trucks and vans having a gross vehicle weight rating of eighteen thousand pounds or less; and
> (4) All of the motor vehicles in category (3) and any vehicle that is not a commercial motor vehicle.

properly preserved and prejudicial.'" State v. Veikoso, 102 Hawai'i 219, 221-22, 74 P.3d 575, 577-78 (2003) (citation omitted).

Both the Constitution of the United States and the Constitution of the State of Hawai'i guarantee that a person accused of a crime has the right to be represented by counsel "at every critical stage of the prosecution." State v. Phua, 135 Hawai'i 504, 512, 353 P.3d 1046, 1054 (2015) (citation and internal quotation marks omitted); see also HAW. CONST. art. I, § 14. A "critical stage" of a prosecution includes "any stage where potential substantial prejudice to [a] defendant's rights inheres," and, of course, includes the trial itself. Phua, 135 Hawai'i at 512, 353 P.3d at 1054 (citation and internal quotation marks omitted).

Where a defendant elects to proceed pro se, "the record must indicate that the defendant was offered counsel, but he or she 'voluntarily, knowingly, and intelligently rejected the offer and waived that right.'" Id. (citation omitted). It is the trial court's responsibility to ensure that both (1) the waiver of counsel is "knowingly and intelligently" made; and (2) the record is complete with respect to the waiver of counsel so that appellate courts may later determine from the record whether the waiver was unequivocal and in fact voluntarily and freely made. Id. Where the record is deficient and does not support a finding that the defendant has knowingly and intelligently waived his right to counsel, the appropriate remedy is to vacate the judgment and remand the case to the trial court for appropriate

proceedings. See, e.g., Phua, 135 Hawai'i at 517, 353 P.3d at 1059 (remanding for a new sentencing proceeding because the record was critically deficient to support a finding that the defendant's waiver of his right to counsel was knowingly and intelligently made).

Here, the record is devoid of any evidence that the District Court had any discussion with Kahau regarding his decision to waive his right to counsel and to proceed *pro se*. No inquiries were made as to whether Kahau understood his right to counsel or the inherent dangers and disadvantages of proceeding to trial *pro se*. Thus, we cannot conclude that Kahau's waiver of his right to counsel was knowingly and intelligently made.

(2) Kahau contends that in order to be convicted of Driving Without a License, a violation of HRS § 286-102, the State is required to prove that he was operating a motor vehicle on a "public road" and that the State failed to do so in this case. Kahau's argument is without merit.

Even if we assume arguendo as Kahau contends that he was operating a motor vehicle on private property (an issue we need not decide), State v. Kelekolio, 94 Hawai'i 354, 14 P.3d 364 (App. 2000) is dispositive. There, the appellant appealed from his conviction, under HRS § 286-102, of operating a motor vehicle without a license. Id. Mr. Kelekolio argued that because he was operating a motor vehicle on private land, in the parking lot of a private hotel, and not on a public highway, he could not be convicted under the statute. Id. In resolving the question, this court considered the statutory language of HRS chapter 286,

the relevant portions of which remain unchanged, and the history and public policy behind the statute. Id. at 357, 14 P.3d at 367. This court held that interpreting HRS § 286-102 to apply only to those persons operating a motor vehicle on a public highway is "contrary to the literal and unambiguous language of the statute," which states that no person may operate a motor vehicle without first being appropriately examined and duly licensed as a qualified driver of that vehicle.[3] Id. This court also found that the legislative history and policy goals of the statute further supported this conclusion. Id. at 357-61, 14 P.3d at 367-71. Accordingly, we vacated the trial court's dismissal of the charges against Kelekolio, because the State was not required to prove that Kelekolio was operating a motor vehicle on a public road to secure a conviction for Driving Without a License. Id. at 361, 14 P.3d at 371.

Kahau presents no argument that Kelekolio should not be followed. Kahau cites to no statute, case, or other authority to support his position that law enforcement could not issue him a citation on private land for driving without a license. Therefore, Kahau is entitled to no further relief based on this point of error.

---

[3]    This is subject to certain exceptions enumerated in the statute and not relevant here. See HRS § 286-102(a)(1).

Accordingly, the District Court's July 19, 2017 Judgment is vacated, and this case is remanded for a new trial.

DATED: Honolulu, Hawai'i, April 27, 2018.

On the briefs:

Walter J. Rodby,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge